# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>A. MASIEL, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:07-cv-01750-AWI-SKO PC<br><br>ORDER RE MOTIONS<br><br>(Docs. 47, 51, 52, 55) |

    Plaintiff Robert Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are four motions from Plaintiff. On March 11, 2010, Plaintiff filed a motion requesting reconsideration of the Court's order denying Plaintiff's request for appointment of counsel. (Doc. #47.) On April 8, 2010, Plaintiff filed a motion requesting reconsideration of his request for appointment of counsel and also requested that his scheduled deposition be postponed. (Doc. #51.) On June 4, 2010, Plaintiff filed a motion requesting that Defendants' counsel be disqualified from representing Defendants. (Doc. #52.) On June 23, 2010, Plaintiff filed another motion requesting appointment of counsel. (Doc. #55.)

    Plaintiff's requests for reconsideration and for appointment of counsel will be denied. Plaintiff has no right to appointed counsel paid for at the Court's expense. The Court lacks the authority to appoint an attorney to represent Plaintiff in this civil action and there are a limited number of volunteer attorneys who are available to represent all litigants such as Plaintiff who wish to have counsel appointed. Simply put, the Court lacks the resources to grant Plaintiff's request for

1

1  appointment of counsel.

2  Plaintiff also requests that his deposition be postponed until counsel is appointed to represent
3  him. The Court is denying Plaintiff's request for appointment of counsel; therefore, there is no
4  justification for the postponement of the deposition on that ground. Plaintiff complains that his pro
5  se status will leave him vulnerable to "making statements that could hurt Plaintiff in his action."
6  (Mot. for Postponement of Deposition and Reconsideration of Appointment of Counsel 2:2-5, ECF
7  No. 51.) The Court notes that one of the purposes of a deposition is to obtain statements that can
8  be used against that party. In sum, Plaintiff's argument fails to justify a postponement of the
9  deposition or the appointment of counsel to represent him.

10  Plaintiff indicated that the deposition was to occur April 30, 2010. It is unclear whether
11  Plaintiff attended his deposition. Plaintiff is forewarned that the failure to attend a properly noticed
12  deposition may result in an order requiring Plaintiff to pay Defendants the reasonable expenses for
13  attending the deposition, including attorney's fees. Federal Rule of Civil Procedure 30(g). Plaintiff
14  may also be sanctioned for failing to attend a properly noticed deposition. Federal Rule of Civil
15  Procedure 37(d). **Sanctions may include an order dismissing this action.** See Federal Rule of
16  Civil Procedure 37(b)(2)(A)(v). Plaintiff may not delay a deposition by filing frivolous requests to
17  postpone the deposition.

18  Finally, the Court will deny Plaintiff's motion requesting disqualification of Defendants'
19  counsel. Plaintiff claims that there is a conflict of interest between Defendants and Defendants'
20  counsel because Defendants are being accused of misconduct and Defendants' counsel, from the
21  Office of the Attorney General, has a duty to represent the public interest and cannot represent a state
22  agency or state actor accused of misconduct. However, the California Attorney General "has the
23  duty to defend all cases in which the state or one of its officers is a party." D'Amico v. Board of
24  Medical Examiners, 11 Cal. 3d 1, 15 (1974) (citing Cal. Gov. Code § 12512). The Attorney General
25  also has a duty to represent the public interest. Id. Only in exceptional cases will the Attorney
26  General recognize a conflict of interest between the duty to represent the public interest and the duty
27  to represent a state agency. Id. "[U]nless the Attorney General asserts the existence of such a
28  conflict, it must be concluded that the actions and determinations of the Attorney General in such

a lawsuit are made Both[sic] as a representative of the public interest And[sic] as counsel for the state agency or officer." Id.  The Attorney General did not recognize such a conflict in this case and has determined that representing Defendants does not conflict with the Attorney General's duty to represent the public interest.  There is nothing in the record that disputes this determination.  Plaintiff's motion will, therefore, be denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel and motions for reconsideration of his previous request for appointment of counsel are DENIED;

2. Plaintiff's request to postpone his deposition is DENIED; and

3. Plaintiff's motion requesting disqualification of Defendants' counsel is DENIED.

IT IS SO ORDERED.

**Dated:   June 30, 2010**                             /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE