1
2
3
4
5

# UNITED STATES DISTRICT COURT

6
### EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13

| | |
|---|---|
| ROBERT GARCIA, | CASE NO. 1:07-cv-01750-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED |
| v. | |
| F. OJEDA, et al., | |
| Defendants. | (Doc. 57) |
| | OBJECTIONS DUE WITHIN 30 DAYS |
| _____ / | |

14
15
16
17

Plaintiff Robert Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 6, 2010, Defendants F. Ojeda and L. Silva ("Defendants") filed a motion for summary judgment.  (Doc. #57.)

18
## I.    Background

19
### A.    Plaintiff's Claims

20
21
22
23
24
25
26

Plaintiff filed the original complaint in this action on December 3, 2007.  (Doc. #1.)  The Court screened Plaintiff's complaint on November 12, 2008.  (Doc. #8.)  The Court found that Plaintiff's complaint stated a cognizable claim against Ojeda for violating Plaintiff's rights under the Eighth Amendment and stated cognizable claims against Silva for violating Plaintiff's rights under the First and Eighth Amendments.  The Court found that Plaintiff's complaint did not state any other claims.  On April 16, 2009, the non-cognizable claims raised in Plaintiff's complaint were dismissed, resulting in the dismissal of Masiel, Davis, Akin, Hall, and Baiderama from this action.

27
28

Plaintiff alleges that Ojeda asked two inmates to attack Plaintiff or to find someone else to attack Plaintiff.  Plaintiff alleges the two inmates were Ojeda's nephews.  The Court determined that

1

Plaintiff's allegations were sufficient to state a cognizable claim against Ojeda for deliberate indifference toward a serious threat to Plaintiff's safety in violation of the Eighth Amendment.

Plaintiff alleges that Silva attacked him on October 3, 2005, in retaliation for filing an administrative grievance. The Court found that Plaintiff's allegations were sufficient to state a claim against Silva for the use of excessive force in violation of the Eighth Amendment and for retaliation against the exercise of protected First Amendment rights.

### B.   Defendants' Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment because 1) there is no genuine issue of material fact as to whether Ojeda violated Plaintiff's Eighth Amendment rights by enlisting other inmates to attack him, and 2) there is no genuine issue of material fact as to whether Silva retaliated against Plaintiff and chilled his exercise of protected First Amendment conduct. Defendants' motion for summary judgment relies solely on statements from Plaintiff's deposition.

Defendants argue that there is no genuine issue of material fact with respect to Plaintiff's Eighth Amendment claim against Ojeda because Plaintiff has conceded that no threat to his safety actually existed. (Mem. of P. & A. in Supp. of Defs.' Mot. for Summ. J. 4:17-19, ECF No. 57.) Defendants also argue that Ojeda did not use excessive force against Plaintiff. (Mem. of P. & A. 5:11-12, ECF No. 57.)

Defendants also contend that there is no genuine issue of material fact with respect to Plaintiff's retaliation claim against Silva because Silva's alleged use of force against Plaintiff did not chill Plaintiff's exercise of protected conduct.   (Mem. of P. & A. 5:22-24, ECF No. 57.)

### C.   Plaintiff's Opposition

Plaintiff argues that Defendant Ojeda created a substantial threat to Plaintiff's safety, regardless of whether Plaintiff was actually attacked. Plaintiff argues that he is at risk of assault every day because of Ojeda's attempts to solicit other inmates to assault Plaintiff. Plaintiff also contends that Ojeda maliciously labeled Plaintiff a sex offender for the purposes of instigating other inmates to attack him. Plaintiff contends that he was assaulted by two inmates on May 22, 2005, and argues that Ojeda "had a direct influence in getting the two inmates to assault plaintiff." (Pl. Mot. for Summ. J. 7:7-14, ECF No. 59.)

1   Plaintiff contends that Silva is liable for retaliating against Plaintiff because he attacked

2   Plaintiff in direct response to a grievance Plaintiff filed complaining about previous use of excessive

3   force incidents involving Silva and other correctional officers.  Plaintiff also argues that Silva's

4   actions did not serve any legitimate penological interests.

5          **D.   Defendants' Reply**

6          Defendants argue that Plaintiff's opposition is both substantively and procedurally defective.

7   Defendants argue that the opposition is substantively defective because Plaintiff has not submitted

8   sufficient evidence to support a genuine issue of material fact.  Defendants also note that Plaintiff's

9   opposition is procedurally defective because Plaintiff failed to comply with Local Rule 260(b) by

10  reproducing Defendants' State of Undisputed Facts and admitting those facts that are undisputed and

11  denying those facts that are disputed.

12  **II.   Summary Judgment Standards**

13         Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the

14  movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

15  judgment as a matter of law."  Federal Rule of Civil Procedure 56(a).  "[A] party seeking summary

16  judgment always bears the initial responsibility of informing the district court of the basis for its

17  motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and

18  admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence

19  of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

20         Entry of summary judgment is appropriate "against a party who fails to make a showing

21  sufficient to establish the existence of an element essential to that party's case, and on which that

22  party will bear the burden of proof at trial."  Id. at 322.   "A moving party without the ultimate

23  burden of persuasion at trial-usually, but not always, a defendant-has both the initial burden of

24  production and the ultimate burden of persuasion on a motion for summary judgment."  Nissan Fire

25  & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  "In order to carry

26  its burden of production, the moving party must either produce evidence negating an essential

27  element of the nonmoving party's claim or defense or show that the nonmoving party does not have

28  enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Federal Rule of Civil Procedure 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Federal Rule of Civil Procedure 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

1    Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show

2    that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole

3    could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

4    trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

5    **III.   Discussion**

6         **A.    Defects in Plaintiff's Opposition**

7         Defendants argue that Plaintiff's opposition is procedurally defective because Plaintiff failed

8    to comply with Local Rule 260(b).  Plaintiff did not reproduce Defendant's itemized facts in the

9    Statement of Undisputed Facts, admit those facts that are undisputed, and deny those facts that are

10   disputed.  However, as discussed in more detail below, the Court finds that Plaintiff's failure to

11   comply with Rule 260(b) is immaterial because Defendants failed to carry their initial burden of

12   persuasion in their motion for summary judgment.  See Henry v. Gill Industries, Inc., 983 F.2d 943,

13   949 (9th Cir. 1993) (finding court abused discretion by granting summary judgment as sanction for

14   noncompliance with local rule when motion for summary judgment was facially insufficient).

15        However, the Court notes another defect in Plaintiff's opposition.  Plaintiff's opposition

16   relies on facts that are not relevant to this lawsuit.  Plaintiff's allegations about Ojeda's

17   announcement over the unit intercom are not a part of this lawsuit.  In Plaintiff's complaint, Plaintiff

18   alleged that an unidentified officer made an announcement over the intercom telling inmates that

19   Plaintiff was a pervert and encouraging the inmates to harm Plaintiff.  In the November 12, 2008

20   screening order, the Court informed Plaintiff that the allegations would be sufficient to state a

21   cognizable claim, but Plaintiff did not identify the person who made the comments over the

22   intercom.  The Court informed Plaintiff that he should file an amended complaint identifying the

23   officer who spoke over the intercom in order to state a cognizable claim.  (Order Requiring Pl. to

24   Either File Am. Compl. or Notify Court of Willingness to Proceed Only on Claims Found to be

25   Cognizable 4:18-22, ECF No. 8.)

26        On December 1, 2008, Plaintiff filed a notice stating that he was willing to proceed on the

27   claims found to be cognizable.  Plaintiff's notice also informed the Court that the unidentified officer

28   who made the comments over the intercom was Ojeda.  On January 12, 2009, the Court issued its

findings and recommendations, informing Plaintiff again that he must file an amended complaint identifying the officer who spoke on the intercom. (Findings and Recommendations Recommending Dismissal of Certain Defendants 5:10-14, ECF No. 10.) Plaintiff has not filed an amended complaint.

On January 30, 2009, Plaintiff filed a "Motion to Identify Officer as Requested by Court on Findings and Recommendations Order Dated, 1-12-2009." (Doc. #12.) However, Plaintiff's "motion" was defective, as both the screening order and the findings and recommendations directed Plaintiff to remedy his claim by filing an amended complaint, not a motion. Further, Local Rule 220 requires all "changed pleadings" must be "retyped and filed so that it is complete in itself without reference to the prior or superceded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with." Local Rule 220.

Accordingly, Plaintiff's attempt to supplement his original complaint by filing a separate notice or motion identifying the unidentified officer was defective and that claim is not a part of this lawsuit.

**B.     Plaintiff's Eighth Amendment Claim Against Defendant Ojeda**

Defendants argue that Ojeda is entitled to summary judgment because there is no genuine issue of material fact with respect to whether there was ever a substantial threat to Plaintiff's safety. Defendants contend that there was no objective risk to Plaintiff's safety because it is undisputed that the two inmates Ojeda solicited to attack Plaintiff refused to do so and because it is undisputed that no inmates have attempted to attack Plaintiff as a result of Ojeda's request.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the

6

prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

The Court finds that Defendants have not carried their initial burden of persuasion on their motion for summary judgment with respect to Plaintiff's claims against Ojeda.  The legal standards for Eighth Amendment claims speak of excessive risks to inmate safety.  Thus, the fact that Plaintiff did not suffer actual physical injury is not fatal to his claim.  There was a risk to Plaintiff's safety because there was a risk that the two inmates would have accepted Ojeda's proposition and would have agreed to attack Plaintiff or found another inmate that would have attacked Plaintiff.  The Court acknowledges that the risk was short-lived because the two inmates immediately declined the request.  Defendants, however, cite to no authority to suggest that short-lived risks are not actionable under the Eighth Amendment.

While the risk may have been short-lived, a rational trier of fact could nonetheless conclude that the risk was excessive.  A rational trier of fact could conclude that at the time Ojeda solicited the two inmates to attack Plaintiff, Ojeda was aware of a serious risk to Plaintiff's health and that

1   there actually was a serious risk to Plaintiff's health because there was an unacceptable chance that

2   the two inmates would have attacked Plaintiff or found other inmates to attack Plaintiff.  In other

3   words, a rational trier of fact could conclude that it is not constitutionally acceptable for a

4   correctional officer to ask inmates to attack a particular prisoner–even if the correctional officer

5   ultimately could not find anybody to carry out the request.  Accordingly, the Court will recommend

6   that Defendants' motion for summary judgment be denied with respect to Plaintiff's claim against

7   Ojeda.

8         **C.**    **Plaintiff's Retaliation Claim Against Defendant Silva**

9         Defendants argue that Silva is entitled to summary judgment because there is no genuine

10  issue of material fact with respect to whether Plaintiff's exercise of his First Amendment rights was

11  chilled by Silva's conduct.  In the prison context, allegations of retaliation against a prisoner's First

12  Amendment rights to speech or to petition the government may support a Section 1983 claim.  Rizzo

13  v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135

14  (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "[A] viable claim of First

15  Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

16  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such

17  action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

18  reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

19  Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison

20  grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288

21  (9th Cir. 2003).

22        The Court finds that Defendants have failed to carry their initial burden of persuasion on their

23  motion for summary judgment with respect to Plaintiff's retaliation claim against Silva.  It is

24  undisputed that Plaintiff admitted in his deposition that there was no chilling of his First Amendment

25  right to file grievances or pursue civil rights litigation as a result of Silva's actions.  During

26  Plaintiff's deposition, the following exchange took place:

27            Q.    Okay.  As a result of the incident with Officer Silva on
28                 October 3rd, 2005, have you stopped submitting inmate
               grievances?

| | | |
|---|---|---|
| A. | Have I stopped what? | |
| Q. | Submitting inmate grievances? | |
| A. | As a result of that incident? | |
| Q. | Yes. | |
| A. | I don't follow your question. | |
| Q. | You indicated just a little bit ago that Officer Silva said something to the extent of you like to file grievances or something like that. | |
| A. | Staff complaints. | |
| Q. | Staff complaints. Okay. So as a result of the incident with Officer Silva on October 3rd, 2005, has that resulted in you filing less staff complaints or scared you into not filing staff complaints? | |
| A. | No, no. | |
| Q. | And has the incident with Officer Silva on October 3rd, 2005 made you unwilling or scared to file lawsuits? | |
| A. | No. | |

(Decl. of J. Devencenzi in Supp. of Defs.' Mot. for Summ. J. Ex. A-1, at 13:9-14:4, ECF No. 57.)

However, Plaintiff's admission that he felt no chilling effect is not fatal to his claims. In retaliation claims, "the proper First Amendment inquiry asks 'whether an official's act would chill or silence a person of ordinary firmness from future First Amendment activities.'" Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005) (quoting Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)) (emphasis in original). As noted by the Ninth Circuit: "[a plaintiff] does not have to demonstrate that his speech was actually inhibited or suppressed," "because it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity." Id. (internal citations and quotations omitted).

Defendant Silva allegedly used excessive force against Plaintiff in retaliation against Plaintiff's submission of administrative grievances. Specifically, Plaintiff alleged that Silva pulled Plaintiff's arm in a painful manner while escorting Plaintiff to a holding cage. When Plaintiff complained, Silva slammed Plaintiff into the back of the holding cage and slapped Plaintiff in the face. Plaintiff alleges that he lost consciousness while Silva pushed his head violently into the back of the cage and regained consciousness when he was pepper sprayed. When Plaintiff asked to be decontaminated, Silva remarked, "you like to write staff complaints, huh?"

A reasonable fact finder could conclude that the use of excessive force would have chilled

a person of ordinary firmness from filing administrative grievances.  Defendant Silva cannot escape liability merely because Plaintiff was unusually determined and persisted in his protected activity.  Accordingly, the Court will recommend that Defendants' motion for summary judgment be denied.

**IV.**    **Conclusion and Recommendation**

The Court rejects Defendants' argument that Ojeda is entitled to summary judgment because the two inmates Ojeda solicited to attack Plaintiff declined Ojeda's request or because no inmates ever attacked Plaintiff as a result of Ojeda's request.  The Court finds that a reasonable fact finder could conclude that the mere act of soliciting inmates was a sufficiently serious risk of harm for Eighth Amendment purposes.

The Court also rejects Defendants' argument that Silva is entitled to summary judgment because Plaintiff has admitted that his exercise of his First Amendment rights was not chilled.  The relevant inquiry is whether a person of ordinary firmness would be chilled from filing administrative grievances.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 13, 2010**                    **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE