# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GARCIA, | CASE NO. 1:07-cv-01750-AWI-SKO PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE |
| v. | |
| A. MASIEL, et al., | |
| Defendants. | (Doc. 57) |

Plaintiff Robert Garcia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2007. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action is proceeding on Plaintiff's complaint, filed December 3, 2007, against Defendant Ojeda on Plaintiff's Eighth Amendment failure-to-protect claim and against Defendant Silva on Plaintiff's Eighth Amendment excessive force claim and Plaintiff's First Amendment retaliation claim. On July 6, 2010, Defendants filed a motion for summary judgment, and on December 14, 2010, the Magistrate Judge recommended that Defendants' motion be denied. Defendants filed timely objections on January 10, 2011.

Defendants object to the finding that Defendant Ojeda is not entitled to judgment as a matter of law on the Eighth Amendment claim against her. Plaintiff alleges that Defendant Ojeda, a correctional officer, asked two inmates to attack Plaintiff. Both immediately declined the request and Plaintiff was not attacked. Defendants argue that a substantially serious risk of harm to Plaintiff

1 never existed given that the inmates immediately declined the request and Plaintiff's claim fails
2 because he may not proceed on a "chance" of a risk. (Obj., 2:2-1.)

3       The Eighth Amendment clearly protects inmates from being intentionally endangered by prison officials. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). When a correctional officer invites two inmates to attack a third inmate, that action obviously endangers the would-be victim's safety, and the fact that the invitation was immediately declined does not shield the officer from liability for soliciting the attack in the first place. <u>Farmer</u>, 511 U.S. at 834; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 n.5 (9th Cir. 2010). Defendant Ojeda created a substantial *risk* of harm to Plaintiff when she allegedly asked two inmates to attack him. <u>Farmer</u>, 511 U.S. at 834; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 n.5 (9th Cir. 2010); <u>Hearns</u>, 413 F.3d at 1040. That no harm befell Plaintiff does not defeat his claim, and Defendant Ojeda is not entitled to judgment as a matter of law.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly, it is HEREBY ORDERED that:

  1.   The Court adopts the findings and recommendations filed on December 14, 2010, in full;
  2.   Defendants' motion for summary judgment, filed on July 6, 2010, is denied; and
  3.   This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 22, 2011
                                             _____
                                             CHIEF UNITED STATES DISTRICT JUDGE